IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven Joel Freeman,<br><br>Petitioner,<br><br>vs.<br><br>Warden, *Perry Correctional Institution*,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 0:13-2063-TMC-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner Steven Joel Freeman ("Freeman"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 13.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Freeman was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 15.) Freeman filed a response in opposition. (ECF No. 17.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Freeman's Petition denied.

**BACKGROUND**

Freeman was indicted in November 2006 in York County for murder (2006-GS-46-3825), burglary in the first degree (2006-GS-46-3826), and resisting arrest (2006-GS-46-3827). (App. at 414-19, ECF No. 14-3 at 64-69.) Freeman was represented by Harry Dest, Esquire, and B.J. Barrowclough, Esquire, and on March 6, 2007 pled guilty as charged. (App. at 175-77, ECF No. 14-1 at 177-79) The circuit court sentenced Freeman to fifty years' imprisonment for murder, fifty


PJG

years' imprisonment for burglary, and one year imprisonment for resisting arrest, all sentences to be served concurrently. (App. at 224, ECF No. 14-2 at 40.)

Freeman timely appealed and was represented by Joseph L. Savitz, III, Esquire, of the South Carolina Commission on Indigent Defense. On October 13, 2009, the South Carolina Court of Appeals issued an order dismissing Freeman's appeal. (State v. Freeman, Op. No. 2009-UP-477 (S.C. Ct. App. Oct. 13, 2009); App. at 236, ECF No. 14-2 at 52.) Freeman filed a *pro se* application for post-conviction relief ("PCR") on December 18, 2009. On June 2, 2011, the PCR court held an evidentiary hearing at which Freeman appeared and testified and was represented by Brian R. Murphy, Esquire. By order filed August 3, 2011, the PCR judge denied and dismissed with prejudice Freeman's PCR application. (App. at 388-410, ECF No. 14-3 at 38-60.) Freeman timely appealed and was represented by Dayne C. Phillips, Esquire, of the South Carolina Commission on Indigent Defense. On June 5, 2013, the South Carolina Supreme Court issued an order denying Freeman's petition for a writ of certiorari. (ECF No. 14-10.) This action followed.

**FEDERAL HABEAS ISSUES**

Freeman's federal petition for a writ of habeas corpus raises the following issues:

> **Ground One:** Ineffective Assistance of Counsel: Defense counsel failed to request a competency hearing to determine Petitioner's fitness to stand trial.
> **Supporting Facts:** Petitioner had a mental history prior to trial. Petitioner had prior suicide attempts and was admitted into a Psychiatric ward five days prior to crime. Petitioner demonstrated an unstable emotional state of mind throughout counsel's representation breaking down every time counsel met with Petitioner.
>
> **Ground Two:** Ineffective Assistance of Counsel: Defense counsel failed to request a continuance to allow Petitioner sufficient time to calm down before making a decision to plea.
> **Supporting Facts:** Petitioner initially proceeded to trial, on the second morning of trial Petitioner entered the courtroom highly emotional and crying uncontrollably. Petitioner informed counsel he was not able to continue with trial at that time. Petitioner's anxiety and problems coping with stressful situation caused him to break down in open court and lead directly to his plea.

> **Ground Three:** Violation of Due Process
> **Supporting Facts:** Defense counsel failed to request a competency hearing in light of Petitioner's mental history, suicide attempts and Petitioner's unstable emotional condition prior to trial.

(Pet., ECF No. 1).[1]

**DISCUSSION**

**A. Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

[1] Based on the filings before the court, especially Freeman's Petition and his response in opposition to the respondent's motion for summary judgment, Ground Three appears to essentially be a restatement of Ground One. (See Pet., ECF No. 1 at 8 (stating that Freeman did not raise the issues in Ground Three in his direct appeal because he "raised this claim under Ineffective Assistance of Counsel, which can only be raised on Post-Conviction Relief"); Petr.'s Resp. Opp'n Summ. J., ECF No. 17 (addressing his two claims of ineffective assistance of trial counsel)).





The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131

S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C. Summary Judgment Motion**

**1. Ineffective Assistance of Counsel Generally**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not



PJG

have pleaded guilty and would have insisted on going to trial.' "[2] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned,

---

[2] The court observes that the United States Supreme Court more recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012). However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.


PJG

summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

**2. Freeman's Claims**

Freeman alleges that his plea counsel was ineffective in failing to request a competency hearing. In support of this allegation, Freeman alleges that he had a prior mental history, including suicide attempts and admission to a psychiatric ward five days before trial, and that he demonstrated that he was emotionally unstable throughout counsel's representation by breaking down each time he met with counsel. Freeman also argues that plea counsel was ineffective in failing to request a continuance on the second day of trial to allow him sufficient time to calm down before deciding to enter a guilty plea. Freeman alleges that due to his anxiety and problems coping with stressful situations caused him to enter the courtroom on the second day of trial highly emotional and crying uncontrollably, informing counsel that he was unable to proceed with the trial.

In rejecting Freeman's claims, the PCR court first summarized the testimony presented to the trial court, including testimony presented on the first day of trial, Freeman's plea colloquy, plea counsel's summary of Freeman's mental evaluation, and statements by plea counsel and Freeman in mitigation of sentencing. (App. at 390-93, ECF No. 14-3 at 40-43.) The PCR court then proceeded to summarize in detail the testimony presented during the PCR hearing, which included testimony from Freeman, his parents, his pastor, both of his plea counsel, and the forensic psychiatrist that examined Freeman before trial. (App. at 393-401, ECF No. 14-3at 43-51.)



PJG

After summarizing the applicable law, the PCR court made the following pertinent findings with regard to plea counsel's failure to seek a competency hearing based on Freeman's alleged incompetency:

> This Court finds the Applicant failed to prove he was incompetent at the time of his plea. . . . The Applicant's own testimony established he was able to communicate with his lawyers in preparation for trial, during trial, and immediately before he pled guilty. The Applicant also testified he did not have trouble thinking when he voluntarily, and without assistance, addressed the court at the plea hearing and gave a statement exceeding nine sentences in length in which he expressed extreme remorse for his actions. Further, his testimony established he understood the consequences of his plea, i.e., he knew he potentially faced life in prison and was waiving his right to continue with a jury trial.
>
> This Court finds the testimonies of the Applicant's mother and father, and their pastor, not persuasive on the issue. Each of these witnesses attempted to establish that the Applicant's emotional behavior on the day of the plea was abnormal and irrational. However, his mother and father both testified the Applicant was emotional and very remorseful from the time of his arrest until the time of trial, a time period which exceeded seven months in length.[] Further, the Applicant's mother testified the Applicant seemed clear-headed when he addressed the court at the plea hearing. These witnesses failed to otherwise present any credible testimony indicating the Applicant did not understand what he was doing when he pled guilty, or did not understand the consequences of doing so.
>
> The testimony of each of the Applicant's attorneys further indicates the Applicant was competent at the time of the plea. This Court first finds the Applicant was represented by two experienced criminal trial practitioners, both of whom have years of experience in the most serious and high profile cases. These attorneys also have substantial experience in representing persons that are mentally ill or have emotional issues, including persons who go in and out of competency. Their testimony in this case established that they both had extensive direct interaction with the Applicant, and neither one of them ever observed any behavior from the Applicant indicative of incompetency. Their testimony established the Applicant's tearful and emotional behavior at the plea was not unusual; to the contrary, they observed this behavior every time they met with the Applicant. Mr. Dest testified the Applicant was emotionally weak, but not mentally ill. They testified the Applicant at all times seemed to understand their discussions, the charges and their consequences, and the evidence against him. They testified the Applicant always responded to questions and interacted appropriately with them. Further, they testified that in their discussions about the plea the Applicant seemed focused and appeared to understand he faced the possibility of life in prison and would waive his voluntary manslaughter defense.
>
> The testimony of the Applicant's expert, Dr. Morgan, did not help his case. He testified he examined the Applicant and found him to be clearly competent on two



PJG

> occasions, the second of which occurred about a month before trial. He testified the Applicant's anxiety and emotional issues were not likely serious enough in nature to have caused the Applicant to suddenly decompensate to the point where he became incompetent to proceed with trial. Further, he did not believe the fact the Applicant was taken off his Zoloft prescription affected his competency because Zoloft has subtle effects, and he was only prescribed a very low dose. He also testified the reasons the Applicant stated for pleading guilty before the trial court were emotional and remorseful, but rational, and indicate the Applicant was competent to stand trial or make decisions at the time he pled guilty. Ultimately, he concluded the Applicant was competent when he made the decision to plead guilty.
>
> Furthermore, this Court finds the Applicant failed to show a "reasonable probability" he was insane at the time he committed the crimes. . . .
>
> There is ample evidence before this court to establish the Applicant knew it was morally and legally wrong to kill the victim. In the Applicant's statement to the trial court, he expressed regret and remorse for his actions, apologized to the victim's family, and offered to help the victim's children financially. The Applicant testified before this Court that he knew what he did was wrong, and reaffirmed that he was remorseful for his actions. In fact, every other witness presented at the hearing testified the Applicant expressed remorse for his actions and guilt for the effect those actions had on the family of the victim. Further, Dr. Morgan testified he had no doubt the Applicant was criminally responsible at the time he committed the crimes.
>
> Therefore, this Court finds the Applicant failed to meet his burden of proving he was incompetent at the time of his plea, or insane at the time he committed the crimes. This Court finds counsel was not ineffective for failing to further investigate the Applicant's alleged incompetency, request a Blair[3] [competency] hearing, or request a continuance to have the Applicant further evaluated because the evidence before this Court clearly refutes the Applicant's claim of mental incompetency.

(App. at 403-06, ECF No. 14-3 at 53-56.)

In addressing Freeman's allegations that plea counsel was ineffective in failing to request a continuance, the PCR court observed the straightforward responses that Freeman provided during his plea colloquy and found that after the trial court found that Freeman's plea was freely, voluntarily, knowingly, and intelligently entered into, Freeman "addressed the court with a statement that was clear, coherent, and expressed extreme remorse for his actions." (App. at 407, ECF No. 14-3 at 57.) The PCR court found that Freeman "failed to present sufficient reason why he should be

[3] State v. Blair, 273 S.E.2d 536 (S.C. 1981).





allowed to depart from the truth of his statements made at the guilty plea hearing." (Id.) The PCR court further stated:

> This Court further finds no evidence to indicate the Applicant would have continued with trial rather than pleading guilty if his attorneys had requested a continuance, requested a recess to allow him to speak with his family, or advised him of other options. The Applicant's attorneys had already requested and obtained a brief recess during which they advised the Applicant not to plead guilty yet. They also testified a continuance would not have been granted at that time, and the Applicant never asked to speak with his family. Further, the Applicant testified he did not know how much more time he would have needed to calm down before he would have decided to continue with trial. Therefore, the conclusion the Applicant would not have pled guilty if he had been given more time is based purely on speculation. . . . This Court finds no evidence to indicate additional time, investigation, evaluation, or discussion would have resulted in the Applicant deciding to continue with trial rather than plead guilty. These claims are therefore denied and dismissed as being without merit.

(Id.)

Accordingly, in rejecting Freeman's allegations of ineffective assistance of counsel the PCR court found that Freeman failed to demonstrate that trial counsel was deficient and also failed to demonstrate any resulting prejudice.

In response to the respondent's motion, Freeman reargues the evidence presented to the PCR court and disputes the PCR court's findings and conclusions. Essentially, Freeman appears to argue that based on the evidence presented at the PCR hearing regarding his behavior at trial and plea counsel's knowledge of his mental conditions, plea counsel was deficient in failing to request a competency hearing and a continuance. Freeman argues that he was prejudiced because there is doubt as to his mental fitness to stand trial and if he had been given more time to calm down he would not have pled guilty.

Upon thorough review of the parties' filings and the record in this matter, the court finds that Freeman cannot demonstrate that the PCR court unreasonably misapplied clearly established federal





law as decided by the United States Supreme Court in rejecting his claims or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1); see also Godinez v. Moran, 509 U.S. 389 (1993) (holding that the standard for competence to plead guilty is the same as the competency standard for standing trial, which is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him) (citing Dusky v. United States, 362 U.S. 402 (1960)). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

Upon careful review of the transcript and the PCR court's order, and for all of the reasons discussed by the PCR court, the court concludes that Freeman has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that they rendered plea counsel's performance deficient. Additionally, Freeman has failed to demonstrate that he was prejudiced and that, but for counsel's alleged errors, the result of the proceeding would have been different—*i.e.*, he would have been found incompetent—or he would not have pled guilty but would instead have insisted on going to trial. Strickland, 466 U.S. at 694; see also Hill, 474 U.S. at 59. Freeman has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785.



PJG

Therefore, based on the foregoing, Freeman has failed to demonstrate that he is entitled to federal habeas relief on these grounds.[4]

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 13) be granted and Freeman's Petition denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 30, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

[4] As noted above, although Freeman's Petition includes three grounds for relief, he appears to be asserting only two distinct claims. To the extent that Freeman intended to raise an independent claim that his due process rights were violated by plea counsel's failure to request or the trial court's failure to hold a competency hearing and such a claim was properly exhausted, Freeman would similarly not be entitled to federal habeas relief on this claim for all the reasons discussed above, as well as those argued in the respondent's brief. (See Respt.'s Ret. & Mem. Supp. Summ. J. at 23-25, ECF No. 14 at 22-25.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).