IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Steven Joel Freeman, ) | |
| ) | C/A No. 0:13-2063-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden, Perry Correctional ) | |
| Instittution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner Steven Joel Freeman's ("Freeman") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 30, 2014, Magistrate Judge Paige J. Gossett filed a Report and Recommendation recommending Respondent's Summary Judgment Motion (ECF No. 13) be granted and the petition be dismissed with prejudice. (ECF No. 21).[1] Petitioner timely filed objections to the Report on June 16, 2013. (ECF No. 23).

## I. Applicable Law

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Freeman's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Freeman has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are raised, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, a petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id*. at 694. Review by this court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richer*, ___ U.S. ___, 131 S.Ct., 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

## II. Discussion

The Report sets forth the procedural history. Briefly, Freeman pled guilty to murder, first degree burglary, and resisting arrest, and was sentenced to fifty years for the murder, fifty years for the burglary, and one year to the resisting arrest charge, all to run concurrently.

The underlying facts are as follows. On August 28, 2006, Freeman followed his estranged girlfriend to the apartment of the victim, Michael Burgess ("Burgess"). Burgess had just meet Freeman's girlfriend, and they were watching a movie together when Freeman began beating on the apartment door. While Freeman was beating on the door, Burgess called a neighbor for help. Freeman eventually broke into the apartment and began beating the victim to death. When the neighbor arrived, he testified that he saw blood everywhere and Burgess on the floor, unresponsive and unrecognizable from all the blood. He also saw Freeman kicking and stomping on Burgess. The neighbor questioned Freeman, who then threatened him, causing the neighbor to run out of the apartment and call 911. The police arrived and Freeman resisted arrest and was tazed twice before finally being subdued.

The trial began on March 5, 2007, and on the second day of trial, Freeman pled guilty. Freeman alleges he has a history of mental illness, and his trial counsel were ineffective for failing to request a competency hearing and move for a continuance to allow him time to calm

down.[2]  Freeman raised these issues in his state post-conviction relief ("PCR") action.  The PCR court denied Freeman relief finding Freeman had not proven he was incompetent at the time of the guilty plea or when he committed the crimes.  Additionally, the PCR court found no evidence that Freeman would have continued with the trial rather than pleading guilty if his attorneys had moved for a continuance.  The PCR court noted that Freeman testified that he did not know how much time he would have needed before he could have calmed down and continued with the trial. Moreover, the PCR court noted that trial counsel testified that a recess had already been granted, during which they advised Freeman not to plead guilty, and they did not think a continuance would have been granted.

The magistrate judge found that Freeman did not establish that trial counsel was deficient, or that he was prejudiced.  Accordingly, the magistrate judge concluded that Freeman could not demonstrate that the PCR court unreasonably misapplied clearly established federal law, as decided by the United States Supreme Court, in rejecting Freeman's claims, or that the PCR court made objectively unreasonable factual findings.  (Report at 12).  In his objections, Freeman contends that he has demonstrated that his rights were violated by trial counsel and that he was prejudiced because he insisted on going to trial. (Objections at 1). He contends that had trial counsel given him time to calm down, he would not have pled guilty and would have continued with the trial, and there is a reasonable probability the jury would have found him not guilty of murder.  *Id.*  Freeman appears to argue that he would have been convicted of the lesser included offense of voluntary manslaughter.[3]

Upon review of Freeman's objections and the Report, the court finds that Freeman's

---

[2] As the magistrate judge noted, Freeman's third issue is essentially a re-statement of his first ground for relief.  (Report at 3, n.1).

[3] Freeman does not address his convictions for burglary or resisting arrest.

4

objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. The court agrees with the magistrate judge that Freeman has failed to show that the PCR court's rulings on his ineffective assistance of counsel claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that the PCR court's decision was based on an unreasonable determination of the facts in light of the State court proceeding. Freeman has not presented any evidence that would over come the "considerable deference" that this court owes "to the judgment entered in the state court proceedings." *Yarbrough v. Johnson*, 520 F.3d 329, 335 (4th Cir. 2008).

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Freeman's objections are without merit and adopts the Report and Recommendation (ECF No. 21). Therefore, Respondent's Summary Judgment Motion (ECF No. 13) is **GRANTED** and this habeas petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
June 27, 2014